EARL SAMPLE v. S. W. HORNER.

No. 11,254.    (60 Pac. 745.)

SUSPENSION OF CIVIL RIGHTS — *Sentence to Reformatory.* The statute providing that "a sentence of confinement and hard labor for a term less than life suspends all civil rights during the term thereof" is not applicable to convicts sentenced to the state industrial reformatory.

Error from Morris district court; O. L. MOORE, judge.    Opinion filed April 7, 1900.    Reversed.

*D. H. Branaman,* for plaintiff in error.

*M. B. Nicholson,* for defendant in error.

PER CURIAM : Earl Sample, plaintiff below, while this action was pending in the district court, was convicted of the crime of rape and sentenced to the state industrial reformatory.    Defendant made this showing and moved the court to dismiss the action, which was done.

Section 376, chapter 100, General Statutes of 1897, (Gen. Stat. 1899, § 2254) provides :

"A sentence of confinement and hard labor for a term less than life suspends all civil rights of the person so sentenced during the term thereof, and forfeits all public offices and trusts, authority and power ; and a person sentenced to such confinement for life shall thereafter be deemed civilly dead."

The plaintiff in error was not sentenced to confinement and hard labor. The judgment pronounced against him was simply "that he be sent to the state industrial reformatory at Hutchinson, Kan." His civil rights were not, therefore, forfeited. He is regarded as civilly dead only when sentenced to confinement and hard labor for life.    Section 312, chap-

ter 102, General Statutes of 1897 (Gen. Stat. 1899, § 5584), provides for the appointment of a trustee to take charge of the property of a person sentenced to the penitentiary for a term less than his natural life ; and section 317 authorizes such trustee to prosecute and defend all actions commenced by or against such convict. This statute, however, is not applicable to the case of plaintiff in error. He was ·not sentenced to the penitentiary.

The judgment of the court below will be reversed, with directions to set aside the order of dismissal.

DOSTER, C. J., not sitting, having been of counsel in the case.